**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DONNA ARROYO,**

                 **Petitioner,**             9:08-cv-971
                                                         (GLS/DRH)

            v.

**ELIZABETH WILLIAMS,** Superintendent
Bedford Hills Correctional Facility,

                 **Respondent.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PETITIONER:**
Donna Arroyo
Pro Se
99-G-0597
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, NY 10507

**FOR THE RESPONDENT:**
HON. ERIC T. SCHNEIDERMAN    ALYSON J. GILL
New York State Attorney General     Assistant Attorney General
120 Broadway
New York, NY 10271

**Gary L. Sharpe
District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Pro se petitioner Donna Arroyo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that her New York State guilty plea to murder in the first degree was involuntary, and that she is actually innocent of the crime to which she pleaded guilty. (*See* Am. Pet., Dkt. No. 6.) In a Report-Recommendation and Order (R&R) filed March 24, 2011, Magistrate Judge David R. Homer recommended that Arroyo's petition be denied.[1] (*See* R&R, Dkt. No. 21.) Pending are Arroyo's objections to the R&R. (*See* Objections, Dkt. No. 22; *see also* Arroyo Aff., Dkt. No. 23.) For the reasons that follow, the R&R is adopted and Arroyo's petition for a writ of habeas corpus is denied and dismissed.

## II. Background

On October 21, 1998, petitioner Donna Arroyo pled guilty to murder in the first degree in Schoharie County Court. (R&R at 1, Dkt. No. 21.) During the plea allocution, Arroyo assured the trial judge that her plea was entered into freely and voluntarily, that she was able to consult with her

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

counsel regarding her rights and options, and that she understood the proceedings taking place against her.  (*See id.* at 3.)  Beginning in May 1997, Arroyo had been seeing psychiatrist Dr. Heidi VanBellingham, who treated her for various psychiatric illnesses including depressive, eating, personality, and anxiety disorders.  (*See* VanBellingham Aff. at 46, Dkt. No. 16:3.)  In Dr. VanBellingham's opinion, Arroyo was unable to make a reasoned and intelligent guilty plea; however, Arroyo's condition fluctuated throughout this period, and Dr. VanBellingham did not observe Arroyo on the day of her plea.  (*See id.* at 47.)

On February 18, 1999, Arroyo moved to withdraw her guilty plea.  (*See* R&R at 4, Dkt. No. 21.)  This motion was denied due to the lack of evidence indicating that a competency hearing would be necessary.  (*See id.* at 5-6.)  The judgment was affirmed by the New York State Appellate Division on July 26, 2007.  (*See id.* at 7.)  Arroyo sought leave to appeal the decision to the New York Court of Appeals, which was denied on October 2, 2007.  (*See id.*)  Arroyo then filed her petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (*See* Dkt. No. 1.)

### III.  Standard of Review

Before entering final judgment, this court routinely reviews all report

and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

### IV.  Discussion

#### A.  Habeas Corpus

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant a writ of habeas corpus on behalf of a state prisoner if the state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); *see also Bonner v. Ercole*, 338 F. App'x 61, 62 (2d Cir. 2009) (unpublished).

4

**B.   Arroyo's Objections**

Arroyo challenges the R&R in two respects. First, she argues that she was mentally incapacitated when she entered her guilty plea, and thus was incompetent to enter such a plea. (*See* Objections at 2-3, Dkt. No. 22.) A defendant is incompetent to proceed at trial if her "mental condition is such that [she] lacks the capacity to understand the nature and object of the proceedings against [her], to consult with counsel, and to assist in preparing [her] defense." *Drope v. Missouri*, 420 U.S. 162, 171 (1975). To be found incompetent, a defendant must lack a reasonable factual understanding of the proceedings against her and must be unable to communicate with her lawyer with a reasonable degree of rational understanding. *See id.* at 172. A hearing to determine the defendant's competency is only required when reasonable doubts exist as to her competency based upon "evidence of a defendant's irrational behavior, [her] demeanor at trial, and any prior medical opinion on competence to stand trial." *Id.* at 180.

Arroyo's only evidence of her alleged mental incompetence comes from an affidavit from her treating psychiatrist, Dr. VanBellingham. (*See* VanBellingham Aff. at 46-48, Dkt. No. 16:3.) However, as Judge Homer

5

notes, Arroyo's condition fluctuated, and Dr. VanBellingham "had not observed Arroyo immediately prior [to] or during her plea and therefore could not reasonably comment on her mental status." (R&R at 13, Dkt. No. 21.)  Arroyo's behavior during her trial serves as further indication that she was competent to participate in the proceedings against her.  Judge Homer points out that the trial judge was given no reason to believe, in Arroyo's approximately forty appearances in court, that she was mentally incompetent.  (*See id.*)  Nor did Arroyo's attorneys see any signs of incompetence, as evidenced by the fact that they did not once request a competency hearing despite submitting approximately ninety pretrial motions.  (*See id.*)  Accordingly, Arroyo has failed to adequately demonstrate that she was incompetent to proceed at the time she entered her plea, and her petition should therefore be denied.

    Arroyo's second challenge to the R&R relates to Judge Homer's conclusion that Arroyo's claim of actual innocence of the crime for which she was convicted is not grounds for habeas corpus relief.  (*See* Objections at 5, Dkt. No. 22.)  The Supreme Court has declined to resolve the issue of whether freestanding innocence claims may be recognized as a means of triggering an individual's federal constitutional right in this

6

context. *See House v. Bell*, 547 U.S. 518, 554-55 (2006); *Herrera v. Collins*, 506 U.S. 390, 398-405 (1993); *see also Friedman v. Rehal*, 618 F.3d 142, 159 (2d Cir. 2010); Henry J. Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U. CHI. L. REV. 142, 148 (1970). Consequently, because this issue has not yet been resolved by the Supreme Court, Arroyo's actual innocence claim is not one by which she can demonstrate an "unreasonable application of clearly established Federal law, as determined by the Supreme Court," which is the standard for granting federal habeas corpus relief. 28 U.S.C. § 2254(d)(1).

Because Arroyo does not specifically object to Judge Homer's conclusion that her guilty plea was knowing, voluntary, and intelligent, and was thus a valid plea, this court has reviewed that determination for clear error and finds none. Accordingly, the court adopts Judge Homer's recommendation that Arroyo's petition be denied on its merits.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David R. Homer's Report-Recommendation and Order (Dkt. No. 21) is **ADOPTED** and Arroyo's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**; and it is

7

further

**ORDERED** that the court **DECLINES** to issue a certificate of appealability because Arroyo has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED** that the Clerk close this case and provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 28, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge